IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,257




 

EX PARTE ROBERT JONES, Applicant





ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 1-93-999 IN THE 241ST JUDICIAL 

DISTRICT COURT SMITH COUNTY 




 Per Curiam.


O P I N I O N



 This application for a writ of habeas corpus that was transmitted to this Court by the
clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the Texas
Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 
Pursuant to an open plea, Applicant pleaded guilty to the felony offense of aggravated
robbery with a deadly weapon. Applicant's sentence was assessed at fifty years imprisonment
on May 4, 1994. Applicant did not file a motion for a new trial. However, through counsel,
Applicant filed a notice of the appeal in the district court on June 7, 1994. The notice was
not received by the Twelfth Court of Appeals until December 22, 2003. Finding that
Applicant's notice of appeal should have been filed on or before June 3, 1994, the court of
appeals dismissed his appeal for want of jurisdiction. Jones v. State, No. 12-03-00431-CR
(Tex. App. -- Tyler 2003, no pet.) (not designated for publication). 

 In the instant application, Applicant contends that he was denied his right to a
meaningful appeal because his trial counsel failed to timely file a notice of appeal. 

 The trial court found that Applicant is entitled to an out-of-time appeal. However, the
court found that Applicant's right to appeal is limited to "the motion to suppress that was
denied by the trial court prior to the entering of the plea of guilty in this matter." Because
Applicant entered an open plea without any agreed punishment recommendation from the
State, we find that Applicant's right to appeal should not be limited to the trial court's denial
of Applicant's pretrial motion to suppress. Applicant is granted the opportunity to file an
out-of-time appeal from his conviction and sentence in cause number 1-93-999 from the
241st Judicial District Court of Smith County, Texas. Applicant is ordered returned to that
point in time at which he may give a written notice of appeal so that he may then, with the
aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the sentence had been imposed on the date
that the mandate of this Court issues. We hold that should Applicant desire to prosecute an
appeal, he must take affirmative steps to see that a written notice of appeal is given within
thirty days after the mandate of this Court has issued. Applicant's remaining grounds for
review are dismissed.

 


DELIVERED: OCTOBER 5, 2005

DO NOT PUBLISH